Jason M. Torf
**ICE MILLER LLP**
200 W. Madison Street, Suite 3500
Chicago, IL 60606
Telephone: (312) 726-6244
Fax: (312) 726-6214

John C. Cannizzaro
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Fax: (614) 232-6923

*Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SIZMEK INC., *et al*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-10971 (DSJ)<br><br>(Joint Administered) |
| NITEL, INC.,<br><br>Plaintiff,<br>v.<br><br>CERBERUS BUSINESS FINANCE, LLC, and PEPI CAPITAL, L.P.,<br><br>Defendants. | Adv. Proc. No. _____ |

## COMPLAINT

Plaintiff Nitel, Inc. ("Nitel"), by and through its undersigned counsel, for its complaint against defendant Cerberus Business Finance, LLC ("Cerberus") and PEPI Capital, L.P. ("PEPI Capital", and together with Cerberus, the "Secured Lenders"), hereby alleges as follows:

---

[1] Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914).

4822-0191-0498.5

## PARTIES

1.  Nitel is an Illinois corporation headquartered in Chicago, Illinois.

2.  Cerberus is a Delaware limited liability company headquartered in New York, New York.

3.  PEPI Capital is a Delaware limited partnership headquartered in Dallas, Texas.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012.

5.  Plaintiff consents, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, to the entry of a final order by the Bankruptcy Court in connection with this adversary proceeding to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7.  Nitel was the sublessee of approximately 32,115 rentable square feet of space located on the 13th Floor, described as Suite 1300N or Suite 1300, of 350 North Orleans Street, Chicago, Illinois (the "Subleased Premises") pursuant to a sublease (the "Sublease") between Nitel and Sizmek DSP, Inc. ("Debtor"), as successor-in-interest to Rocket Fuel Inc. ("Rocket Fuel"). A true and correct copy of the Sublease is attached hereto as **Exhibit A**.

8.  BRE River North Point Owner LLC (the "Master Landlord"), as successor-in-interest to SRI Ten West Mart LLC, was the landlord for the Subleased Premises pursuant to a

lease dated February 19, 2014, as amended, between Master Landlord and Debtor, as successor-in-interest to Rocket Fuel (the "Master Lease").

9. Debtor, as successor-in-interest to Rocket Fuel, Master Landlord, and Nitel are parties to a Landlord Consent to Sublease dated December 19, 2016 (the "Consent", and together with the Sublease and all documents relating or pertaining to Nitel's occupancy of the Subleased Premises, whether or not attached hereto, the "Sublease Documents"), which addresses the parties' rights with respect to the Sublease and the Master Lease. A true and correct copy of the Consent is attached hereto as **Exhibit B**.

10. Pursuant to the terms of the Sublease, Nitel provided to Rocket Fuel, Debtor's predecessor-in-interest, a security deposit in the amount of $271,092.87 (the "Security Deposit"). The Security Deposit was subsequently transferred to Debtor to hold for Nitel's benefit as required by the terms of the Sublease and applicable Illinois law.

11. Cerberus is purportedly the administrative agent and collateral agent for itself and PEPI Capital under a Financing Agreement dated September 6, 2017, for certain revolving and term loans that were purportedly secured by first-priority liens on substantially all the Debtor's assets.

12. On or about March 25, 2019, the Secured Lenders swept all cash from the Debtor's accounts. *See* Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) In Support of Chapter 11 Petitions and (II) Pursuant to Local Rule 1007-2 (Doc. No. 13, Case No. 19-10971).

13. Upon information and belief, when the Secured Lenders swept the Debtor's accounts, they caused some or all of the Security Deposit to be transferred from the Debtor to the Secured Lenders.

14. On March 29, 2019 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code.

15. Pursuant to the Sixth Notice of Rejection of Certain Executory Contracts and Unexpired Leases (Doc. 287), Debtor rejected the Lease and Sublease effective June 27, 2019.

16. Under applicable Illinois law, the Security Deposit was held in trust by the Debtor for the benefit of Nitel.

17. Because the Security Deposit was held in trust, it was not the Debtor's property, not subject to any security interest asserted against Debtor's property, and not the Secured Lenders' collateral.

## COUNT I: CONVERSION

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth below.

19. When the Secured Lenders swept the Debtor's accounts, they wrongfully and without authorization took control over the Security Deposit.

20. Nitel has rights in the Security Deposit by virtue of its rights under the Sublease Documents.

21. Nitel has an immediate right to possession of the Security Deposit under the Sublease Documents and applicable Illinois law.

22. On or about December 2019, Nitel demanded the return of the Security Deposit from Debtor. At that time, Debtor indicated that the Secured Lenders were in possession of the Security Deposit, having swept the account in which the Security Deposit was held.

23. On March 29, 2021, Nitel demanded the return of the Security Deposit from the Secured Lenders. A true and correct copy of Nitel's demand letter is attached hereto and

incorporated herein as **Exhibit C**. As of the date of this Complaint, Secured Lenders have failed to return the Security Deposit to Nitel.

24. By virtue of the above, the Secured Lenders have converted Nitel's Security Deposit, and as a direct and proximate result of such conversion, caused damages to Nitel in the sum of $271,092.87 plus attorney's fees and costs incurred in seeking the return of the Security Deposit.

### COUNT II:  UNJUST ENRICHMENT

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth below.

26. When the Secured Lenders swept the Debtor's accounts, they took possession, custody, and control of the Security Deposit, which was not Debtor's property and was not the Secured Lenders' collateral.

27. The Secured Lenders' seizure of the Security Deposit was to Nitel's detriment because such seizure prevented Nitel from recovering the Security Deposit from the Debtor as was its right.

28. Permitting the Secured Lenders to retain possession of the Security Deposit would be a windfall to the Secured Lenders and violates fundamental principles of justice, equity, and good conscience.

29. To remedy such unjust enrichment, the Secured Lenders should be required to immediately turnover the entire $271,092.87 Security Deposit to Nitel.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court grant Nitel the following relief:

a. Damages for the Secured Lenders' conversion and/or unjust enrichment in the amount of $271,092.87;

b. Nitel's reasonable attorney's fees, costs, and expenses incurred in seeking a return of the Security Deposit;

c. Pre- and post-judgment interest as permitted by law; and

d. Such other relief as the Court deems just and proper.

**ICE MILLER LLP**

*/s/ Jason M. Torf*
Jason M. Torf (pro hac vice pending)
200 W. Madison Street, Suite 3500
Chicago, IL 60606
Telephone: (312) 726-6244
Fax: (312) 726-6214
Email: Jason.Torf@icemiller.com

John C. Cannizzaro (pro hac vice pending)
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Fax: (614) 232-6923
Email: John.Cannizzaro@icemiller.com