**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                              :
In re                                         :
                                              :    Chapter 7
SIZMEK INC., et al.                           :
                                              :    Case No. 19-10971 (DSJ)
                        Debtors.              :
---------------------------------------------------------------x   (Joint Administered)
NITEL, INC.,                                  :
                                              :
                        Plaintiff,            :
                                              :
v.                                            :    Adv. Proc. No. 21-01160 (DSJ)
                                              :
CERBERUS BUSINESS FINANCE, LLC, and           :
PEPI CAPITAL, L.P.,                           :    Civil Case No. [         ]
                                              :
                        Defendants.           :
---------------------------------------------------------------x
```

# MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADVERSARY PROCEEDING UNDER 28 U.S.C. § 157(d) AND CONSOLIDATE WITH PENDING ACTION UNDER FED. R. CIV. P. 42(a)

SCHULTE ROTH & ZABEL LLP

Michael L. Cook
Andrew D. Gladstein
William H. Gussman, Jr.
919 Third Avenue
New York, New York 10022
Telephone (212) 756-2000
Facsimile (212) 593-5955

*Attorneys for Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P.*

# TABLE OF CONTENTS

Preliminary Statement..................................................................................................1

Relevant Statute and Standard of Review...................................................................1

Argument ....................................................................................................................2

    A.    Nitel's Claims Are Non-Core. ....................................................................3

    B.    Consolidating the Nitel Action with the Getty Action Pending in this Court Conserves Judicial Resources. ...................................................................3

    C.    Cerberus Is Entitled to a Jury Trial on Any Fact Issues Relating to Nitel's Conversion Claim. .....................................................................................5

    D.    Nitel Is Forum Shopping.............................................................................6

Conclusion ..................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page(s)**

In re 131 Liquidating Corp.,
    222 B.R. 209 (S.D.N.Y. 1998) ............................................................................2, 5

Baitinger Elec. Co., Inc. v. Daidone Elec. of N.Y., Inc. (In re Baitinger Elec. Co.,
    Inc.),
    94 B.R. 33 (S.D.N.Y. 1988) ....................................................................................2

Big Rivers Elec. Corp. v. Green River Coal Co.,
    182 B.R. 751 (W.D. Ky. 1995) ...............................................................................5

In re Burger Boys, Inc.,
    94 F.3d 755 (2d Cir. 1996) .....................................................................................2

Colavito v. N.Y. Organ Donor Network, Inc.,
    8 N.Y.3d 43 (2006) .................................................................................................5

Harlow v. Wells Fargo & Co.,
    2021 WL 907107 (W.D. Va. Mar. 9, 2021) ...........................................................5

In re McCrory Co.,
    160 B.R. 502 (S.D.N.Y. 1993) ............................................................................2, 3

Mt. McKinley Ins. Co. v. Corning, Inc.,
    399 F.3d 436 (2d Cir. 2005) ...................................................................................3

In re Orion Pictures Corp.,
    4 F.3d 1095 (2d Cir. 1993) ............................................................................2, 3, 5

Silverman v. General Ry. Signal Co.,
    144 B.R. 244 (Bankr. S.D.N.Y. 1992) ...................................................................3

In re Wedtech Corp.,
    81 B.R. 237 (S.D.N.Y. 1987) .................................................................................5

Wood v. Wood,
    825 F.2d 90 (5th Cir. 1987) ....................................................................................3

**Statutes & Rules**

28 U.S.C. § 157(d) ..............................................................................................1, 2, 6

28 U.S.C. § 1334(b) ....................................................................................................1

Fed. R. Civ. P. 42(a) ...........................................................................................1, 3, 6

Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P. (collectively, "Cerberus") submit this memorandum in support of their motion to withdraw from the bankruptcy court the above-captioned adversary proceeding under 28 U.S.C. § 157(d) and to consolidate it under Fed. R. Civ. P. 42(a) with an action pending in this Court, <u>Getty Images (US), Inc. v. Bronstein et al.</u>, Case No. 1:19-cv-09804 (GBD) (the "Getty action").

### Preliminary Statement

Plaintiff Nitel, Inc. ("Nitel") claims in the bankruptcy court that Cerberus converted its property – a security deposit Nitel purportedly gave to Rocket Fuel Inc., a predecessor of debtor Sizmek DSP, Inc. ("Sizmek" or the "Debtor"), under a pre-bankruptcy sublease. Ex. 1 [Nitel complaint], at ¶ 24.[1] The Debtor's estate has no interest in the outcome of this third-party dispute. Indeed, the trustee in the Sizmek bankruptcy case is not a party to this adversary proceeding and has made no claim to the disputed security deposit.

Nitel relies on conduct that allegedly occurred on March 25, 2019, prior to the Sizmek bankruptcy. Ex. 1, at ¶ 12. Nitel also concedes that this dispute is not a "core" bankruptcy proceeding. Ex. 1, at ¶ 5. Nor do Nitel's claims "arise under" the Bankruptcy Code ("Code") because applicable state law governs, not the Code. 28 U.S.C. § 1334(b). Nitel's unrelated state law claims arose outside the bankruptcy context, have nothing to do with the bankruptcy, and should have been asserted in this Court where the Getty action – a dispute with "common question[s] of law [and] fact," as provided in Fed R. Civ. P. 42(a) – is already pending.

### Relevant Statute and Standard of Review

Section 157(d) of the Judicial Code provides in relevant part: "The district court may withdraw, in whole or in part, any case or <u>proceeding</u> referred under this section, on its own

---

[1] "Ex." refers to exhibits to the accompanying Declaration of Michael L. Cook dated July 12, 2021.

motion or on timely motion of any party, for cause shown." 28 U.S. § 157(d) (emphasis added). Known as permissive withdrawal, "cause" turns on the nature of the proceeding (i.e., suit) and considerations of judicial economy. According to the Second Circuit, a "district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). "Thus once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Id. "Cause" may include the following: (1) whether the claim is core or non-core; (2) whether the claim is legal or equitable; (3) whether judicial economy is best served; (4) whether the ruling would prevent forum shopping; (5) whether the ruling would best promote uniformity in the administration of the bankruptcy law; (6) whether withdrawal will foster economical use of debtor's and creditor's resources; and (7) whether the parties are entitled to a jury trial. In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996); In re McCrory Co., 160 B.R. 502, 506 (S.D.N.Y. 1993); In re 131 Liquidating Corp., 222 B.R. 209, 211 (S.D.N.Y. 1998); see also Baitinger Elec. Co., Inc. v. Daidone Elec. of N.Y., Inc. (In re Baitinger Elec. Co., Inc.), 94 B.R. 33, 34 (S.D.N.Y. 1988) (cause shown when uncertainty over bankruptcy court's authority to conduct jury trial would have caused delay).

## **Argument**

Ample cause warrants withdrawal of the reference from the bankruptcy court. First, Nitel's claims are not core claims. Second, consolidating this proceeding with the Getty action would conserve judicial resources. Third, Cerberus is entitled to a jury trial on any fact issues relating to Nitel's conversion claim. Finally, Nitel's decision to initiate this proceeding in the

bankruptcy court despite the Getty action's pendency in this Court suggests that Nitel is forum shopping.

A. Nitel's Claims Are Non-Core.

Nitel has asserted two claims against Cerberus: conversion and unjust enrichment. Ex. 1, at ¶¶ 18-29. Both of these state law claims are non-core. "[A] proceeding is . . . core . . . 'if it invokes a substantive right provided by [the Bankruptcy Code] or if it is a proceeding that, by nature, could arise only in the context of a bankruptcy case.'" In re McCrory Corp., 160 B.R. 502, 506 (S.D.N.Y. 1993) (quoting Silverman v. General Ry. Signal Co., 144 B.R. 244, 249 (Bankr. S.D.N.Y. 1992) and Wood v. Wood, 825 F.2d 90, 97 (5th Cir. 1987)); accord Orion Pictures, 4 F.3d at 1102 (debtor's suit for breach of pre-bankruptcy contract held non-core); Mt. McKinley Ins. Co. v. Corning, Inc., 399 F.3d 436, 448-50 (2d Cir. 2005) (insurer's suit against non-debtor affiliates held non-core where debtor was not a party to suit, plaintiffs sought to adjust only rights of non-debtors, and proceeds of any recovery would constitute only a small distribution to debtor's creditors).

Nitel claims that Cerberus converted its property, a security deposit Nitel gave to Sizmek's predecessor under a pre-bankruptcy sublease (Ex. 1, at ¶¶ 10, 24), and seeks a recovery for itself only (Ex. 1, at ¶ 29). The bankruptcy trustee in the Sizmek case is not a party to Nitel's action and has made no claim to the security deposit. Dkt. No. 1014. Nitel's claims have nothing to do with the Sizmek bankruptcy case or the Bankruptcy Code. Therefore, Nitel's claims are non-core.

B. Consolidating the Nitel Action with the Getty Action Pending in this Court Conserves Judicial Resources.

The Getty action already pending in this Court has the same factual and legal issues as Nitel's bankruptcy court action, as required by Fed. R. Civ. P. 42(a). See Ex. 3 [Getty

complaint]. Cerberus Business Finance, LLC, one of the two defendants named in Nitel's complaint, is a third-party defendant in the Getty action. Ex. 4 [Bronstein third-party complaint], at 6 ¶ 3.

The salient facts in the Getty action are straightforward. Cerberus was a secured, first-lien lender to Sizmek, the Debtor. Ex. 4, at 6 ¶ 3; Ex. 5 [Cerberus motion to dismiss], at 1. Sizmek subleased commercial space to Getty Images (US), Inc. ("Getty") and received a security deposit from Getty. Ex. 3, at ¶ 2; Ex. 5, at 1-2; Ex. 6 [Bronstein opposition], at 1-2. Sizmek's Chief Financial Officer, Andrew Bronstein, apparently failed to maintain that security deposit in a segregated account, in breach of Sizmek's obligation to Getty. See Ex. 3, at ¶ 3; Ex. 4, at 9 ¶ 12. After Sizmek sought bankruptcy relief and failed to return Getty's security deposit, Getty sued two of Sizmek's former officers, including Bronstein. Ex. 3.

Bronstein seeks to hold Cerberus, which was not a party to the sublease and which plainly owed no duties on account of the sublease, liable for Sizmek's own failure to repay Getty's security deposit. Ex. 4, at 9-11. At its core, Bronstein's common law contribution and indemnification claims appear to be premised on the theory that if Cerberus had done his job for him, he would not have commingled Getty's security deposit with other Sizmek funds. See Ex. 5, at 1-2; Ex. 7 [Cerberus reply], at 5-6.

Sizmek's commingling of a third-party sublessee's security deposit is the overarching issue in both the Getty and Nitel actions. Getty seeks to hold the Debtor's officers liable; Bronstein seeks to hold Cerberus liable, as does Nitel in the instant bankruptcy court action.

The first court to address most of the issues raised by Nitel's complaint is this Court, where Cerberus' motion to dismiss Bronstein's third-party complaint in the Getty action is *sub judice*. See Exs. 5-7. Nitel only commenced its bankruptcy court suit on June 10, 2021. Ex. 1.

4

Cerberus is filing an answer to Nitel's complaint in the bankruptcy court today, July 12, 2021. See Ex. 2 [Cerberus answer]. It makes good sense to consolidate the Nitel and Getty actions in this Court to avoid a duplication of effort and a waste of valuable judicial resources. Harlow v. Wells Fargo & Co., 2021 WL 907107, at *5 (W.D. Va. Mar. 9, 2021) ("This mutually agreeable consolidation, given the common issues of law and fact, is yet another reason that withdrawal of the reference is prudent."); Big Rivers Elec. Corp. v. Green River Coal Co., 182 B.R. 751, 755 (W.D. Ky. 1995) (quoting In re Wedtech Corp., 81 B.R. 237, 239 (S.D.N.Y. 1987)) ("Where a proceeding in bankruptcy involves common issues of law and fact with a case pending in district court, 'the overlapping of facts, transactions, and issues in the two cases . . . is good cause for withdrawal of the reference and consolidation with the district court proceeding.'").

C. Cerberus Is Entitled to a Jury Trial on Any Fact Issues Relating to Nitel's Conversion Claim.

"[T]he constitution prohibits bankruptcy courts from holding jury trials in non-core matters. . . . [A] district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference." Orion Pictures, 4 F.3d at 1101. Accord In re 131 Liquidating Corp., 222 B.R. at 211 ("If a case is non-core and a jury demand has been filed, the district court may find that the inability of the bankruptcy court to hold the trial itself constitutes cause to withdraw the reference."; reference withdrawn).

Nitel, like Bronstein in this Court, asserts that Cerberus converted its property. Ex. 1, at ¶ 24; Ex. 6 [Bronstein opposition], at 7. As the New York Court of Appeals stressed, the tort of "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else. . . ." Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 49-50 (2006). To the extent fact issues exist on Nitel's claim,

Cerberus is entitled to and has demanded a jury trial that is unavailable in the bankruptcy court. See Ex. 2.

D. Nitel Is Forum Shopping.

The Sizmek bankruptcy case has been pending for more than two years. Ex. 1, at ¶ 14. Nitel was a creditor and sublessee of the Debtor during this period and undoubtedly knew of other similarly situated creditors like Getty. Getty, though, sued for the return of its security deposit in this Court long before Nitel sued in the bankruptcy court, a matter of public record. Nitel's failure to join in the Getty action suggests "forum shopping," a deliberate attempt to find another forum. Because the Getty action is pending in the same district as the bankruptcy court, Nitel cannot claim prejudice.

## Conclusion

For these reasons, the Court should withdraw Nitel's adversary proceeding from the bankruptcy court under 28 U.S.C. § 157(d) and consolidate it with the Getty action under Fed. R. Civ. P. 42(a).

DATED: New York, New York
July 12, 2021

SCHULTE ROTH & ZABEL LLP

By: /s/ *Michael L. Cook*
Michael L. Cook
Andrew D. Gladstein
William H. Gussman, Jr.

919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000
Fax: (212) 593-5955

*Attorneys for Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2021, I caused the foregoing document to be filed and served electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

Dated: July 12, 2021

/s/ *Michael L. Cook*
Michael L. Cook, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Tel: 212-756-2000
Fax: 212-593-5955
michael.cook@srz.com

*Counsel for Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P.*