UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | Chapter 7 |
| SIZMEK INC., *et al.* | : |  |
|  | : | Case No. 19-10971 (DSJ) |
| Debtors. | : |  |

----------------------------------------------------------------x   (Joint Administered)

|  |  |  |
|---|---|---|
| NITEL, INC., | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | Adv. Proc. No. 21-01160 (DSJ) |
|  | : |  |
| CERBERUS BUSINESS FINANCE, LLC, and | : |  |
| PEPI CAPITAL, L.P., | : |  |
|  | : |  |
| Defendants. | : |  |

----------------------------------------------------------------x

## ANSWER WITH DEMAND FOR JURY TRIAL

Defendants Cerberus Business Finance, LLC ("Cerberus") and PEPI Capital, L.P., (collectively, "Defendants") answer Plaintiff Nitel, Inc.'s ("Nitel") Complaint and set forth their affirmative defenses as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.     Admit the allegations in paragraph 2.

3.     Admit the allegations in paragraph 3.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.     Admit the allegations in paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Admit the allegations in paragraph 11, except deny Nitel's mischaracterization of Cerberus as the "purported" agent and secured lender to the Debtor.

12.      Admit the allegations in paragraph 12.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.      Admit the allegations in paragraph 14.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.      Paragraph 17 states conclusions or characterizations of law, and no response is required.  To the extent a response is necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.      In response to paragraph 18 of the Complaint, Defendants repeat their responses to paragraphs 1 through 17.

19.     Deny the allegations in paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Paragraph 21 states conclusions or characterizations of law, and no response is required.  To the extent a response is necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except admit that Nitel made a demand.

24.     Deny the allegations in paragraph 24.

25.     In response to paragraph 25 of the Complaint, Defendants repeat their responses to paragraphs 1 through 24.

26.     Paragraph 26 states conclusions or characterizations of law, and no response is required.  To the extent a response is necessary, Defendants deny the allegations in paragraph 26.

27.     Paragraph 27 states conclusions or characterizations of law, and no response is required.  To the extent a response is necessary, Defendants deny the allegations in paragraph 27.

28.     Paragraph 28 states conclusions or characterizations of law, and no response is required.  To the extent a response is necessary, Defendants deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief from Defendants, including the relief sought in paragraphs a-d in Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following affirmative and other defenses. Defendants reserve the right to assert further defenses that may be identified in the course of further investigation, discovery, or litigation of this action.

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Nitel failed to join parties needed for a just determination of this dispute, namely, the Debtor, its officers and directors.

### THIRD DEFENSE

Nitel contributed to its own alleged loss by failing to monitor its purported trust fund property.

### FOURTH DEFENSE

Nitel's damages or losses, if any, were caused by the actions or inactions of parties other than Defendants. To the extent Nitel did suffer damages or losses, these damages or losses are attributable to intervening or superseding causes, and are not recoverable in connection with the claims asserted in the Complaint.

## STATEMENT UNDER FED. R. BANKR. P. 7008

Defendants do not consent to entry of final orders or judgment by the bankruptcy court.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), made applicable to this proceeding by Fed. R. Bankr. P. 9015, Defendants demand a jury trial on all issues so triable raised by the Complaint.

## RESERVATION OF RIGHTS

Defendants reserve their right to amend their Answer, including their affirmative defenses, based on information that becomes available to them during discovery, further proceedings in this matter or in related matters.

WHEREFORE, Defendants request that the Court dismiss the claims in the Complaint in their entirety and with prejudice, award Defendants the costs, disbursements, and attorneys' fees incurred by Defendants in defending this action and grant such other relief as the Court deems just and proper.

Dated:  July 12, 2021
       New York, NY

                                    Respectfully,

                                    SCHULTE ROTH & ZABEL LLP
                                    *Attorneys for Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P.*

                                    By: /s/ Michael L. Cook
                                        Michael L. Cook

                                    919 Third Avenue
                                    New York, New York  10022
                                    (212) 756-2000
                                    michael.cook@srz.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2021, I caused the foregoing document to be filed and served electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

Dated: July 12, 2021

   /s/ *Michael L. Cook*
Michael L. Cook, Esq.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Tel: 212-756-2000
Fax: 212-593-5955
michael.cook@srz.com

*Counsel for Defendants Cerberus Business Finance, LLC and PEPI Capital, L.P.*